**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49807**

| | |
|---|---|
| In the Interest of: Jane Doe I, John Doe I, and John Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) **Filed: October 11, 2022** |
| Petitioner-Respondent, | ) ) **Melanie Gagnepain, Clerk** |
| v. | ) ) **THIS IS AN UNPUBLISHED** |
| JANE DOE (2022-26), | ) ) **OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| Respondent-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Gregory F. Frates, Senior Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Gem County Public Defender; Theresa A. Martin, Deputy Public Defender, Emmett, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John T. Spalding, Deputy Attorney General, Caldwell, for respondent.

_____

GRATTON, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights. Doe alleges the magistrate court erred in finding that Doe neglected her children and it is in the best interests of the children to terminate Doe's parental rights. Because substantial and competent evidence supports the magistrate court's findings, the judgment terminating Doe's parental rights is affirmed.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe is the mother of the three minor children who are the subject of the proceedings in this case. The children (along with siblings)[1] were removed from their parents' custody in August 2022 due to hazardous conditions in the home. The children were placed into the custody of the Idaho Department of Health and Welfare (the Department). Subsequently, the magistrate court approved case plans for Doe and the children's father. After a year, the Department filed a petition to terminate Doe's parental rights to the children. The Department alleged neglect as the grounds for termination. After a trial, the magistrate court issued its amended findings of facts and conclusions of law. The magistrate court found by clear and convincing evidence that Doe neglected her children and that termination of Doe's parental rights is in the best interests of the children.[2] Doe timely appealed.

# II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

---

[1] The siblings were not subject to the termination trial.

[2] The magistrate court also terminated the father's parental rights to the children. That decision, however, is not at issue in this appeal.

## III.

## ANALYSIS

Doe challenges the sufficiency of the evidence supporting the magistrate court's findings that she neglected the children and that termination is in the children's best interests. The Department responds that substantial evidence supports the magistrate court's termination decision. We affirm the termination of Doe's parental rights.

### A.    Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652. Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The Department sought termination of Doe's parental rights based on an allegation of neglect for failing to provide proper parental care and control, or subsistence, education, medical or other care or control necessary for the children's well-being. *See* I.C. § 16-1602(31)(a).[3] In particular, the Department alleged that Doe: (1) failed to secure safe and appropriate housing; (2) failed to demonstrate an understanding of her children's needs; (3) failed to consistently visit

---

[3]    Although the Department's petition did not cite this statute, the language of the allegation mirrors the language of Idaho Code § 16-1602(31)(a).

and/or participate in the children's activities; and (4) lacked the insight and ability to protect her children. The magistrate court found, by clear and convincing evidence, that Doe neglected her children. In support of this determination, the magistrate court made several findings, including that Doe failed to obtain safe housing as Doe was living "in a tent with a generator" located "in an illegal encampment on a road easement in Gem County where a number of other people live in tents, cars, trailers and makeshift structures." The magistrate court also found that Doe failed to meet with the social worker on a regular basis, did not attend doctor or dental appointments for the children, failed to provide financial support for the children, had inconsistent visitation with the children, and submitted no evidence of income or employment.

Doe challenges several factual findings made by the magistrate court and argues there is not substantial and competent evidence to support these findings. As a result, Doe argues there was not substantial and competent evidence as a whole to find Doe neglected her children.

First, Doe challenges the magistrate court's finding that she failed to secure housing that is safe and appropriate for the children. Doe argues there is no evidence to indicate where Doe is currently living, much less that the living environment is not safe or appropriate. Furthermore, Doe argues the housing shortage was just cause for not obtaining a home.[4]

During the termination trial, Gem County Sheriff's Captain Barry testified that three to four weeks prior to the trial, he had contact with Doe. Captain Barry observed that Doe was living on "a piece of property there that kind of has an encampment on it, for lack of a better word. It's not a residence, but there's an encampment on the roadside." Captain Barry testified that Doe was living in a tent with a generator. While the caseworker was not familiar with Doe's current living situation, the caseworker explained how alternative housing could be safe and appropriate for families depending on the circumstances, but clarified why a tent with a generator would not be

---

[4]     Doe argues that pursuant to *In re Doe (No. 32030)*, 143 Idaho 188, 192, 141 P.3d 1057, 1061 (2006), the magistrate court cannot ignore evidence of just cause. However, *In re Doe (No. 32030)*, was an abandonment case and the statutory definition of abandonment includes the term just cause. *Id.* at 190, 141 P.3d at 1059; I.C. § 16-2002(5). In this case, the magistrate court concluded Doe neglected her children and the definition of neglect does not include the just cause language. *See* I.C. § 16-1602(31)(a). Therefore, an analysis of just cause is not applicable to Doe's case.

secure, safe housing for the children.[5]  This was substantial and competent evidence to support the magistrate court's finding that Doe failed to obtain safe and secure housing.

Next, Doe argues there was no evidence to support the conclusion that she failed to demonstrate an understanding of the children's needs.  Doe contends the only specific need in evidence was one child's skin condition.  Further, Doe argues there was no allegation of inappropriate visits with the children or that Doe needed specific training to deal with special needs.  Lastly, Doe argues that a caseworker's testimony that Doe lacked an understanding of the children's needs was mere speculation because she had not observed a visit for approximately eight months.

The Department responds that proof of special needs was not necessary because Doe failed to meet the children's ordinary needs.  The Department argues Doe's failure to complete her case plan, which was created to address safety concerns within the family, is substantial and competent evidence that Doe cannot meet the ordinary needs of the children.

The magistrate court found, "[their] lack of insight to the needs of the children and their lack of effort to complete the case plan is a significant concern that the parents are incapable of obtaining and maintaining a safe and secure residence for the children."  The magistrate court determined the lack of engagement and progress on the case plan demonstrated Doe's inability or refusal to understand the children's needs.  As the Department contends, the children may not have specialized needs but ordinary safety needs, which have not been met by Doe.  During trial, the caseworker explained every task on Doe's case plan and the significance of each task in response to the safety concerns at the time of removal.  The caseworker testified that when she tried to discuss the case plan with Doe, it did not appear important to her.  Doe's disinterest or inability to complete the case plan suggests she did not understand the connection between the purpose of the case plan and her children's basic needs.  Thus, there was substantial and competent evidence to support the magistrate court's finding that Doe failed to demonstrate an understanding of her children's needs.

Doe challenges the magistrate court's finding that she failed to visit her children consistently.  Doe argues the Department did not provide any numerical data or dates to show Doe

---

[5]     The caseworker only learned of the encampment after she heard Captain Barry testify during trial.  The caseworker explained communication with Doe was exceedingly difficult throughout the case, which inhibited her ability to provide case plan support or assessments.

consistently failed to visit her children. Through the nineteen months that the children have been in foster care, there was substantial testimony that supported the finding Doe was not consistent with visitation. The caseworker testified Doe was discharged from contracted visitation services because she missed three visitations in a row. The caseworker then supervised visitation and testified Doe was regularly late and recalled a specific visit Doe missed. Subsequently, visitation was scheduled biweekly on weekends and supervised by the foster parents. The foster mother testified that Doe missed the most recent visit prior to the termination trial. Although the foster mother reported Doe was recently arriving on time, this does not negate the substantial and competent evidence that Doe was inconsistent with visitation throughout the child protection case.

Doe argues her lack of attendance to the children's activities and appointments was due to the lack of notice by both the caseworker and the foster parent.

The following exchange occurred between Doe's trial counsel and the caseworker during trial:

Q. When was the last time you told [Doe] that one of the children had a doctor's appointment so she could attend?
A. I cannot get ahold of [Doe]. It's impossible for me--
Q. So is that answer, "No, I haven't done that"?
A. Haven't done that.
Q. Okay. And you didn't do that in the beginning of the case either?
A. I don't think that--I do not remember.

Doe would be correct that without knowledge of the appointment, her lack of attendance would not be within her control. However, the testimony of the caseworker shows that communication with Doe was difficult due to changing phone numbers and lack of response by Doe. Therefore, Doe's own behavior inhibited her ability to know when activities and appointments were scheduled. As such, there was substantial and competent evidence for the magistrate court to find that Doe did not attend any doctor or dental appointments.

Doe argues there is not substantial and competent evidence to support the magistrate court's finding that she lacked insight and the ability to protect her children. Doe argues there is no testimony that included observations or examples of Doe failing to protect her children or perceive danger. Because Doe does not cite to the record where the magistrate court made this finding, it is difficult for this Court to know precisely what she is challenging. It appears Doe already challenged the finding made by the magistrate court that she did not understand her children's needs. Nevertheless, there is substantial and competent evidence for the magistrate

6

court to find Doe lacked insight and ability to protect her children. The children were removed from their home due to hazardous home conditions. The home posed a safety risk due to: human feces strewn around the grounds of their RV and trailer; no running water; the children were grimy and covered with filth; the bathrooms were full and not working; there was a generator but no fuel; and there were large "cat holes" (filled with feces) between rocks that posed a threat to the younger children. Doe's last known residence is the tent that Captain Barry observed. Doe has not addressed the safety risk that brought the children into care. The lack of progress demonstrates Doe either does not perceive her inappropriate housing as a safety threat to the children or is unable to provide appropriate housing. Either way, there is substantial and competent evidence that Doe lacks insight and ability to protect her children.

There is substantial and competent evidence to support the magistrate court's findings, which supports the conclusion that Doe neglected her children.

## B.     Best Interests of the Children

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe alleges there was not sufficient evidence for the magistrate court to find that terminating Doe's parental rights is in the best interests of the children. First, Doe challenges the credibility of both the caseworker and the guardian ad litem. The Department concedes that the guardian ad litem had minimal contact with Doe during the pendency of the child protection case, but argues the guardian ad litem's testimony does not trigger reversible error since it was largely duplicative of the caseworker and the foster mother.

7

> The finder of fact has the opportunity to observe witnesses' demeanor, to assess their credibility, to detect prejudice or motive and to judge the character of the parties. In a parental-termination case, this is immensely important. A cold record of the trial does not tell the whole story. An independent review by our court could not take into account the trial court's superior view of the entire situation.

*In re Doe*, 156 Idaho at 106, 320 P.3d at 1265 (quoting *In re Aragon*, 120 Idaho at 608, 818 P.2d at 312). The magistrate court found the testimony of the Department's witnesses credible. The caseworker testified it is in the children's best interests for Doe's parental rights to be terminated. As to the guardian ad litem's testimony, the magistrate court found, "based on her review of the case that in her opinion it would be in the best interests of the children for the parental rights of . . . [Doe] to be terminated." We defer to the magistrate court's credibility findings and substantial and competent evidence supports the magistrate court's factual findings.

Next, Doe argues the caseworker and guardian ad litem failed to mention the bond between the parents and children. However, the magistrate court acknowledged: "There is no doubt that both parents express love and affection towards their children." Therefore, the magistrate court considered Doe's love for her children and still determined it is in the best interests of the children to terminate Doe's parental rights.

Lastly, Doe alleges the issues in this case were about transportation and housing--as noted by the foster mother. Doe argues this is a case of poverty and many more parents would lose their children if terminations occurred solely due to transportation and housing struggles. However, Doe minimizes the concerns. The magistrate court clearly articulated the safety concerns of a hazardous home that brought the children into foster care and that these safety concerns persisted for nineteen months despite "assistive services" provided by the Department. Not only has Doe made no progress from the initiation of the child protection case, she has shown either an inability or a disinterest in attempting to stabilize herself to ensure a safe environment for her children. As a result, the magistrate court found it is in the best interests of the children to terminate Doe's parental rights because Doe was incapable of obtaining and maintaining a safe residence for her children. "[Doe's] harmful patterns will continue to emerge and expose [her] children to harm." Doe has failed to demonstrate the magistrate court erred.

## IV.

## CONCLUSION

Substantial, competent evidence supports the magistrate court's determination that Doe neglected the children and that termination is in the best interests of the children. Doe has failed

to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.